1

2

3

4

5

6                        **UNITED STATES DISTRICT COURT**

7                            **DISTRICT OF NEVADA**

8

9    ROBERT L. SONDERFAN,                )
                                          )
10                  Petitioner,           )        3:06-cv-00108-LRH-RAM
                                          )
11   vs.                                  )
                                          )        <u>ORDER</u>
12   WASHOE COUNTY, *et. al.*,            )
                                          )
13                  Respondents.          )
     _____/

14

15          This action is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by petitioner

16   Robert Sonderfan, who is represented by counsel.  Before the Court is respondents' motion to

17   dismiss (docket #11).

18   **I. Procedural History**

19          On September 15, 2002, petitioner was found guilty in the Justice Court of Reno Township,

20   in and for Washoe County, of Count I, improper outdoor storage, a misdemeanor.  Exhibit 1.[1]  The

21   justice court sentenced petitioner, on October 14, 2002, to serve one 180 days in the county jail, with

22   credit for one day previously served.  *Id.*  The sentence was suspended on condition that petitioner

23   clean up his property, and a review hearing was set for November 18, 2003.  *Id.*  Petitioner appealed

24   to the Second Judicial District Court of Nevada, and on January 9, 2006, the district court affirmed

25   petitioner's conviction.  Petitioner's Exhibit 4.  The case was remanded to the justice court, and on

26   _____

27          [1] The exhibits cited in this order in the form "Exhibit ___," are those filed by respondents in
     support of their motion to dismiss, and are located in the record at docket #11.  The exhibits cited in this
     order in the form "Petitioner's Exhibit ___," are those filed by petitioner in support of his opposition to
28   the motion to dismiss, and are located in the record at docket #12 and #13.

1    March 1, 2004, the court executed the sentence. *Id.*; Exhibit 1.

2         On April 13, 2006, petitioner filed a petition for writ of certiorari in the Nevada Supreme

3    Court.  Petitioner's Exhibit 6.  Petitioner argued six claims for relief:  (1) he was exempt from

4    prosecution under the Nevada statutes and the county development code; (2) the evidence was

5    insufficient to convict him, as the evidence proved that the outdoor storage of waste could be seen

6    only from a private road; (3) the State violated the Nevada and United States Constitutions by

7    prosecuting the case in the wrong venue; (4) the prosecution under the county development code

8    violated his federal due process rights because the ordinance arbitrarily allows for enforcement

9    through criminal means when the issue is a civil matter; (5) the prosecution was impermissible as the

10   state and zoning board took positions factually contradictory to a previous prosecution of petitioner's

11   neighbor for a similar offense; and (6) the trial court failed to dismiss the action when the county

12   code enforcement officer did not give him an order to comply.  Petitioner's Exhibits 6 and 7.  The

13   Nevada Supreme Court denied the petition for writ of certiorari on May 19, 2006.  Petitioner's

14   Exhibit 8.

15        On February 28, 2006, petitioner filed his federal habeas petition with this court  (docket #1).

16    Before the Court is a motion to dismiss (docket #11) filed by respondents.

17   **II.  Respondents' Motions for Extensions of Time**

18        Between March 28 and June 18, 2007, respondents filed a series of three motions (docket #8,

19   #9, #10) requesting extensions of time to respond to the habeas petition in this case.

20   Respondents then filed their motion to dismiss on July 16, 2007, within the time contemplated by

21   their third motion for extension of time.  The Court finds that respondents' motions for extensions of

22   time were made in good faith and not solely for the purpose of delay, and that there was good cause

23   for the extensions of time respondents requested.  The Court will grant those motions for extensions

24   of time, and will treat the motion to dismiss as timely filed.

25        After petitioner filed an opposition to the motion to dismiss, respondents filed a motion for

26   an extension of time for the reply in support of their motion to dismiss (docket #14).  Respondents

27   then filed their reply within the time contemplated by their motion for extension of time.  The Court

28   finds that respondents' motion for extensions of time for their reply was made in good faith and not

2

1   solely for the purpose of delay, and that there was good cause for the extension of time respondents

2   requested.  The Court will grant that motions for extension of time, and will treat the reply as timely

3   filed.

4   **III.  Motion to Dismiss**

5          Respondents move to dismiss the federal habeas petition on the grounds that the petition is

6   unexhausted.

7          **A.  Exhaustion of Claims**

8          A state prisoner must exhaust all available state remedies prior to filing a federal habeas

9   corpus petition.  28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982).  The state courts must be

10  given a fair opportunity to act on each claim before those claims are presented in a habeas petition to

11  the federal district court.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999).  Furthermore, a claim

12  will remain unexhausted until a petitioner has sought review from the highest available state court

13  through direct appeal or collateral review proceedings.  *See Casey v. Moore*, 386 F.3d 896, 916 (9th

14  Cir. 2004).

15         A habeas petitioner must "present the state courts with the same claim he urges upon the

16  federal court" in order to allow a state court to correct violations of federal rights.  *Picard v. Connor*,

17  404 U.S. 270, 276 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995).  The federal constitutional

18  implications of a claim, not just issues of state law, must have been raised in the state court to

19  achieve exhaustion.  *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404

20  U.S. at 276)).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is]

21  asserting claims under the United States Constitution."  *Duncan*, 513 U.S. at 365-66. S*ee also*

22  *Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999) (stating the "mere similarity between a claim of

23  state and federal error is insufficient to establish exhaustion").

24         Furthermore, a claim is not exhausted unless a petitioner has fairly presented to the state

25  court the same operative facts and legal theory upon which his federal habeas claim is based.

26  *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001) (citing *Bland v. California Dept. of*

27  *Corrections*, 20 F.3d 1294, 1295 (9th Cir. 1982), *overruled on other grounds by Schell v. Witek*, 218

28  F.3d 1017 (9th Cir. 2000) (*en banc*)).  Exhaustion is not met if a petitioner presents to the federal

1  court facts or evidence which place the claim in significantly different posture than it was in the state

2  courts, or where different facts are presented to the federal court to support the same theory.

3  *Conrotto v. Newland*, 188 F.3d 512 (9th Cir. 1999); *Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir.

4  1988).

5        **B.  Application to the Instant Case**

6           **1.  Ground 1**

7        In his first claim for relief petitioner alleges that he is being held in violation of his

8  5th and 14th Amendment due process rights, as the county code he was convicted of violating is

9  arbitrary and capricious, in that it allows state officials impermissible discretion in determining

10  whether to charge a person with a civil or criminal violation of the code.  In the motion to dismiss,

11  respondents argue that petitioner did not exhaust this claim, as he did not present it to the Nevada

12  Supreme Court.

13        The Nevada Supreme Court, in *Zamarripa v. First Judicial District Court*, 747 P.2d

14  1386 (Nev. 1987), acknowledges that review of a misdemeanor conviction may be had by appealing

15  to the district court and then petitioning the Nevada Supreme Court for a writ of certiorari.

16        In his opposition to the motion to dismiss (docket #12), petitioner alleges first that he

17  was not required to raise his claims in a petition for writ of certiorari to the Nevada Supreme Court,

18  as such review is discretionary in nature.  Respondents correctly argue in their reply (docket #15)

19  that a misdemeanant appellant must still petition the state's highest court for review in order to

20  exhaust claims for federal habeas corpus purposes.  *Larche v. Simons*, 53 F.3d 1068, 1072

21  (9th Cir. 1995) (stating petitioners convicted of misdemeanors must seek review from the highest

22  state court "even when such review is discretionary" in order to comply with section 2254's

23  exhaustion requirement).

24        However, petitioner also contends that if such review is required, then he has satisfied

25  that requirement as he did petition the Nevada Supreme Court for review, and he raised the instant

26  claim before that court.  Petitioner did argue, in his petition to the Nevada Supreme Court, that his

27  federal due process rights were violated because the county ordinance was arbitrary and contained no

28  standards.  Petitioner's Exhibits 1, 6, and 7.  As petitioner raised the instant claim in the Nevada

Supreme Court, and indicated that the claim was a federal claim, it appears that the claim was properly exhausted.  *See Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as modified by* 247 F.3d 904 (9th Cir. 2001).

Respondents argue that if this claim is considered exhausted, petitioner is still not entitled to federal habeas relief as petitioner really raises a question of state law that is merely couched in terms of a federal right.  When a state interprets its own laws or rules, no basis for federal habeas corpus relief is presented, as no federal constitutional question arises.  *Burkey v. Deeds*, 824 F. Supp. 190, 192 (D. Nev. 1993) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)); *Oxborrow v. Eikenberry*, 877 F.2d 1395 (9th Cir. 1999) ("errors of state law do not concern us unless they rise to the level of a constitutional violation").  In his habeas petition, however, petitioner clearly articulates federal constitutional bases for Ground 1.

### 2.  Ground 2

Petitioner alleges in his second claim that he is being held in violation of his 5th, 6th, and 14th Amendment rights and in violation of Article III of the United States Constitution as the action below was not heard in the proper venue.  Respondents argue that this claim was not exhausted, as petitioner has not shown that he presented this claim to the Nevada Supreme Court.  In his opposition to the motion to dismiss, petitioner argues, similar to his argument regarding Ground 1, that he was not required to raise this claim to the Nevada Supreme Court, and even if he was, that he did include this claim in his petition for writ of certiorari to that court.

While petitioner was convicted of a misdemeanor, he still was required to petition the Nevada Supreme Court for review, in order to exhaust his claims for federal habeas corpus purposes.  *Larche v. Simons*, 53 F.3d 1068, 1072 (9th Cir. 1995).  Petitioner argued to the district court that venue was improper without citing to any federal rights or raising any federal claims.  Petitioner's Exhibit 1.  In his petition to the Nevada Supreme Court, petitioner again raised his improper venue argument, stating that proper venue is mandated by Article III of the United States Constitution.  Petitioner's Exhibit 7.

Petitioner cannot meet the requirements for exhaustion by raising his federal claim for the first time on discretionary review in the Nevada Supreme Court.  *Castille v. Peoples*, 489 U.S.

5

1  346, 351 (1989) ("submission of a new claim to a State's highest court on discretionary review" does

2  not constitute a fair presentation of the claim under the requirements of exhaustion when "the claim

3  has been presented for the first and only time in a procedural context in which its merits will not be

4  considered unless 'there are special and important reasons'"); *Knight v. White*, 122 F.3d 1072 (9th

5  Cir. 1997).  Ground 2 is unexhausted.

6          **3.  Ground 3**

7          Petitioner argues in his third ground for relief that he was convicted in violation of his

8  5th, 6th and 14th Amendment rights because he was exempt from prosecution, in that he used his

9  property consistently with the Washoe County Development Code for agricultural purposes.  In the

10  motion to dismiss, respondents argue that petitioner did not present this claim to the Nevada

11  Supreme Court.

12          While petitioner filed a petition for certiorari in the Nevada Supreme Court, he did

13  not, in that petition, raise the instant claim as a federal claim.  Petitioner's Exhibit 7.  In the petition

14  for writ of certiorari, petitioner argued that he used his property agriculturally, and this was

15  consistent with state and local law.  *Id.*  Moreover, petitioner only generally argued that there were

16  due process concerns, without raising any specific federal constitutional issues.  *Id.*  The United

17  States Supreme Court has stated that a petitioner's claim for relief in the state courts "must include

18  reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle

19  the petitioner to relief."  *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).  "[G]eneral appeals to

20  broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are

21  insufficient to establish exhaustion."  *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999), *cert.*

22  *denied*, 529 U.S. 1009 (2000).

23          As petitioner's claim in the Nevada courts did not include specific reference to a

24  federal constitutional guarantee, Ground 3 is unexhausted.

25          **4.  Ground 4**

26          In his fourth claim for relief, petitioner alleges his conviction violates his 5th, 6th and

27  14th Amendment rights to due process of law because he could not be convicted of improperly

28  storing waste on a public street.  Again, the respondents argue in the motion to dismiss that petitioner

1    did not present the claim to the Nevada Supreme Court.  Similar to Ground 3, petitioner did file a

2    petition for writ of certiorari with the Nevada Supreme Court.  Petitioner's Exhibit 7.  However,

3    petitioner argued only state law issues with respect to this claim.  Petitioner contended that he could

4    not be convicted of storing waste visible from a public street under a proper interpretation of the

5    county development code and the Nevada statutes.  Petitioner's Exhibit 7.

6            Ground 4 is unexhausted because petitioner failed to raise a challenge based on a

7    federal constitutional right in state court.  *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (stating a

8    claim for relief "must include reference to a specific federal constitutional guarantee, as well as a

9    statement of the facts that entitled petitioner to relief") (citations omitted).

10          **C. Petitioner's Election**

11          The Court finds Grounds 2, 3, and 4 are unexhausted in state court.  Consequently,

12   the Court finds the petition in this action to be a "mixed" petition – one containing both claims

13   exhausted in state court and claims not exhausted in state court.  Under the circumstances, the Court

14   will require petitioner to make an election.  Petitioner must do one of the following:  (1) abandon the

15   unexhausted claims (Grounds 2, 3, and 4), and proceed only on the exhausted claim (Ground 1); or

16   (2) move for a stay of this action, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), so that he may

17   return to state court and exhaust his unexhausted claims.

18          In *Rhines,* the Supreme Court placed limitations upon the discretion of district courts to

19   facilitate habeas petitioners' return to state court to exhaust claims.  The *Rhines* Court stated:

20                  [S]tay and abeyance should be available only in limited
                    circumstances.  Because granting a stay effectively excuses a petitioner's
21                  failure to present his claims first to the state courts, stay and abeyance is
                    only appropriate when the district court determines there was good cause
22                  for the petitioner's failure to exhaust his claims first in state court.
                    Moreover, even if a petitioner had good cause for that failure, the district
23                  court would abuse its discretion if it were to grant him a stay when his
                    unexhausted claims are plainly meritless.  *Cf.* 28 U.S.C. § 2254(b)(2)
24                  ("An application for a writ of habeas corpus may be denied on the merits,
                    notwithstanding the failure of the applicant to exhaust the remedies
25                  available in the courts of the State").

26   544 U.S. at 277.  In view of *Rhines*, if petitioner wishes to return to state court to exhaust his

27   unexhausted claims, he must make a showing of good cause for his failure to exhaust his claims, and

28   he must show that his claims are not plainly meritless.

1   **IT IS THEREFORE ORDERED** that respondents' motions for extensions of time (docket

2   #8, #9, #10, and #14) are **GRANTED**.  Respondents' motion to dismiss and respondents' reply in

3   support of their motion to dismiss shall be treated as timely filed.

4   **IT IS FURTHER ORDERED** that respondents' Motion to Dismiss (docket #11) is

5   **GRANTED IN PART AND DENIED IN PART**.  The court finds that Ground 1 is exhausted, and

6   that Grounds 2, 3, and 4 are unexhausted.

7   **IT IS FURTHER ORDERED** that, no later than **May 2, 2008**, petitioner shall do one of the

8   following:  (1) file and serve a Notice of Abandonment of Claims, stating that he wishes to abandon

9   Grounds 2, 3, and 4, and proceed only on Ground 1; or (2) file and serve a Motion for Stay,

10   requesting a stay of this action, and attempting to make the required showing for such a stay,

11   pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), so that he may return to state court and exhaust

12   his unexhausted claims.

13   **IT IS FURTHER ORDERED** that, if petitioner files and serves a Motion for Stay,

14   respondents shall have **30 days** to respond to such motion, and petitioner shall thereafter have

15   **30 days** to reply.

16   **IT IS FURTHER ORDERED** that, if petitioner files and serves a Notice of Abandonment

17   of Claims, abandoning Grounds 2, 3, and 4, respondents shall have **30 days** to file an Answer,

18   responding to Ground 1, and petitioner shall thereafter have **30 days** to file a Reply.

19   DATED this 27th day of March, 2008.

20

21   _____

22   LARRY R. HICKS
     UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28