# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ROBERT L. SONDERFAN,  )
      Petitioner,  )    3:06-cv-00108-LRH-RAM
      vs.  )
        )    <u>ORDER</u>
WASHOE COUNTY, *et al.*,  )
      Respondents.  )

    This action proceeds on a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, by Robert L. Sonderfan, represented by counsel.

    This Court granted respondents' motion to dismiss in part, and found grounds two, three, and four to be unexhausted (docket #16). Before the Court is petitioner's motion for reconsideration, or in the alternative, election to abandon his unexhausted grounds (docket #17).

    Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Under Federal Rule of Civil Procedure 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the

judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Motions to reconsider are generally left to the discretion of the trial court. *See Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001). Furthermore, a "habeas petitioner may move for relief from the denial of habeas under Rule 60(b) so long as the motion is not the equivalent of a successive petition." *Harvest v. Castro*, 531 F.3d 737, 745 (9th Cir. 2008) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535-36 (2005)).

Moreover, Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst*, 260 F.3d at 1044 (quoting *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999)).

Rule 59(e) "clearly contemplates entry of judgment as a predicate to any motion." *Balla v. Idaho St. Bd. of Corrections*, 869 F.2d 461, 466-67 (9th Cir. 1989). Rule 59(e) applies only to final judgments or appealable interlocutory orders. *Id.* Rule 60(b), like Rule 59(e), applies only to motions attacking final, appealable orders. *United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). However, this Court has inherent jurisdiction and discretion to reconsider an interlocutory order. *Martin*, 226 F.3d at 1049. Therefore, the Court will consider petitioner's motion for reconsideration.

In his motion to reconsider, petitioner first argues that ground two is exhausted, as the federal nature of this claim was raised in a reply brief to the appellate court. Petitioner alleges in his second claim that he is being held in violation of his 5th, 6th, and 14th Amendment rights and in violation of Article III of the United States Constitution as the action below was not heard in the proper venue. Petitioner was convicted of a misdemeanor in the Justice Court for Reno Township. In his appeal to the Second Judicial District Court of Washoe County, petitioner argued this claim in his opening brief, however, he did not cite to any federal constitutional violations. Exhibit 1, attached at docket

1 #12. Petitioner asserted, in his reply brief on appeal, that the action should have been dismissed as it was filed in the wrong venue, and venue is a requirement under the federal constitution. Exhibit 2, attached at docket # 12. Moreover, petitioner cited to *Johnston v. United States*, 351 U.S. 215 (1956), and cited Article III and the Sixth Amendment of the United States Constitution. *Id.*

Petitioner contends that raising the federal nature of this claim for the first time in his reply brief was sufficient to put the state court on notice of the federal nature of his claim. However, under Nevada law new claims cannot be raised for the first time in a reply brief. *See Nevada Indus. Comr. v. Bibb*, 374 P.2d 531 (Nev. 1962); *Schatz v. Devitte*, 335 P.2d 783, 785 (Nev. 1959). While petitioner cites to several cases from other circuits, those holdings are not "clearly established" federal law as determined by the United States Supreme Court, and are only persuasive in this Court.

Exhaustion cannot be achieved by a procedurally deficient or improper means. *Castille v. Peoples*, 489 U.S. 346 (1989). Petitioner was convicted of a misdemeanor and was required to petition the Nevada Supreme Court for review in order to exhaust his claims for federal habeas corpus purposes. *Larche v. Simons*, 53 F.3d 1068, 1072 (9th Cir. 1995). However, as petitioner did not raise the federal constitutional bases for ground two in the district court, petitioner has not exhausted his claim by raising the constitutional grounds for the first time on discretionary review. *Castille*, 489 U.S. at 351 ("submission of a new claim to a State's highest court on discretionary review" does not constitute a fair presentation of the claim under the requirements of exhaustion when "the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons'"); *Knight v. White*, 122 F.3d 1072 (9th Cir. 1997). Ground two remains unexhausted.

Next petitioner argues that grounds three and four are exhausted as there is no corrective process in the Nevada courts by which to raise these claims. In ground three petitioner contends that his conviction is in violation of his Fifth, Sixth, and Fourteenth Amendment rights as there was overwhelming and undisputed evidence that he was using his property agriculturally and consistently with the development code, and thus was exempt from prosecution. In ground four petitioner alleges that his conviction is in violation of his Fifth, Sixth, and Fourteenth Amendment rights to due process as there was no evidence to support one of the prima facie elements of misdemeanor, that

3

1  there was solid waste visible from a street.

2  Petitioner concedes that he did not alert the state district court (appellate court) to the
3  constitutional basis of ground three.  Petitioner did not cite to any federal grounds for relief in
4  relation to this claim in his brief to the state district court.  Exhibit 1 attached at docket #12.
5  Petitioner contends that ground three should be deemed exhausted because he cited to federal
6  grounds in relation to ground four, therefore the state court should get the fact that this ground was
7  also raising constitutional claims.  Petitioner's argument is incorrect.  The Ninth Circuit Court of
8  Appeals has stated that "citation of a relevant federal constitutional provision in relation to some
9  other claim does not satisfy the exhaustion requirement."  *Castillo v. McFadden*, 399 F.3d 993, 999
10 (9th Cir. 2005) (citing *Baldwin v. Reese*, 541 U.S. 27 (2004)).  Therefore ground three was not
11 exhausted in the state court merely because ground four purportedly cited to federal constitutional
12 grounds for relief.

13 Petitioner asserts that with respect to ground four he did cite to *Batin v. State*, 38 P.3d 880
14 (Nev. 2002), which in turns cites to *Jackson v. Virginia*, 443 U.S. 307, 316 (1979) and *In re Winship*,
15 397 U.S. 358 (1970).  Petitioner did not makes this argument in his opposition to respondents'
16 motion to dismiss.  However, citation to a state case that analyzes a federal constitutional issue
17 serves the same purpose as citation to a federal case analyzing such an issue.  *Peterson v. Lampert*,
18 319 F.3d 1153, 1158 (9th Cir. 2003).  *See also Castillo v. McFadden*, 399 F.3d 993 (9th Cir. 2005).
19 Petitioner's argument is correct, in that he did cite to *Batin*, which in turn cites to the federal
20 standard for sufficiency of the evidence.  Therefore the constitutional basis of ground four was
21 exhausted in the state court.

22 To the extent that petitioner contends that he is "actually innocent" and therefore his claims
23 should be considered exhausted, actual innocence is not a recognized excuse for non-exhaustion.
24 While the Ninth Circuit in *Noltie v. Peterson*, 9F.3d 802, 805 (9th Cir. 1993) stated that there are
25 indications that the Supreme Court might make an exception to exhaustion in a case of actual
26 innocence, the court did not make a new rule to that effect.

27 Petitioner argues, to the extent this Court finds any of the above grounds unexhausted, that
28 this Court should find he has exhausted his state remedies as there is no corrective process in the

4

Nevada courts by which to now exhaust his claims. The requirements of exhaustion will be excused when a "petitioner cannot present his claim because there is an absence of available state corrective process." 28 U.S.C. § 2254 (b)(1)(B)(I). Furthermore, exhaustion will also be excused if a petitioner cannot present a claim because "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(B)(ii).

Petitioner is correct in his argument that post-conviction relief is not available in the State of Nevada for persons convicted of misdemeanors. *Ferreira v. City of Las Vegas*, 793 P.2d 1328 (Nev. 1990). However, petitioner is not correct in stating that there is *no* state corrective process available in the Nevada courts. Petitioner had the right to a direct appeal of his misdemeanor conviction, and petitioner did file a direct appeal, but did not exhaust the federal constitutional grounds contained in claims one and three.

A federal court need not dismiss a claim on exhaustion grounds if it is clear that the state court would find the claim procedurally barred. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Harris v. Reed*, 489 U.S. 255, 263 n. 9 (1989). If petitioner were required to return to state court to exhaust these claims, any appeal that petitioner attempted would be dismissed as untimely or successive. Thus a procedural default would occur in the state court.

To overcome a procedural default, a petitioner must establish either (1) "cause for the default and prejudice attributable thereto," or (2) "that failure to consider [his defaulted] claim[s] will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations omitted). Cause to excuse a procedural default exists if a petitioner can demonstrate that some objective factor external to the defense impeded the petitioner's efforts to comply with the state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The prejudice that is required as part of the showing of cause and prejudice to overcome a procedural default is "actual harm resulting from the alleged error." *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998); *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).

The Court's next inquiry is whether petitioner can show cause and prejudice for the default of grounds two and three, or whether the failure to consider these grounds will result in a fundamental miscarriage of justice. The parties have not addressed this issue. Moreover, the Court has

5

determined that the analysis of any cause and prejudice arguments and fundamental miscarriage of justice issues in this case is closely related to the analysis on the merits of the case, therefore, the Court will require that the parties brief the merits of grounds two and three, along with grounds one and four, and address the procedural default issue in the answer and reply brief.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (docket #17) is **GRANTED**. The Court finds that ground four of the federal habeas corpus petition has been exhausted. Furthermore, while the Court finds grounds two and three unexhausted, the parties shall have an opportunity to discuss whether these grounds would be procedurally defaulted in the state court and whether petitioner can show cause and prejudice for such a default or that this Court's failure to consider grounds two and three would result in a fundamental miscarriage of justice.

**IT IS FURTHER ORDERED** that respondents **SHALL FILE** an answer to the petition for writ of habeas corpus within **thirty (30) days** of the entry of this order. The answer shall substantively address all grounds in the petition, including any procedural default issues.

Dated this 25th day of March, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE