**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ROBERT L. SONDERFAN,

    Petitioner,

vs.

WASHOE COUNTY, *et al.*,

    Respondents.

3:06-cv-00108-LRH-RAM

**<u>ORDER</u>**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The action is before this court for resolution on the merits.

**PROCEDURAL HISTORY**

On November 21, 2002, the Washoe County District Attorney charged petitioner by way of criminal complaint with one count of improper outdoor storage, a violation of Washoe County Code 110.306.05 and 110.306.35, a misdemeanor; and one count of improper land use in violation of Washoe County Code 110.340.05 and 110.304.30, a misdemeanor. (Docket #26-3, Exhibit 2.)

On February 11, 2003, a bench trial commenced in the Reno Justice Court. The trial continued over a period of time, with additional dates of February 26, 2003, April 16, 2003, September 12, 2003, and September 15, 2003. (Docket #26-4 through #26-15, Exhibits 3-6.) At the end of the bench trial, the Reno Justice Court found petitioner guilty of improper outdoor storage. (Docket #26-19, Exhibit 10). On November 3, 2003, petitioner pursued an appeal to the district court. (Docket #26-16, Exhibit 7.) On November 14, 2003, the district court entered an order staying execution of the criminal judgment pending the outcome of the appeal. (Docket #26-17, Exhibit 8.)

On January 9, 2006, the district court entered an order dismissing petitioner's appeal and remanding the case back to justice court. (Docket #26-18, Exhibit 9.)

On March 3, 2006, the justice court entered a judgment of conviction against petitioner, sentencing petitioner to a term of 180 days in jail and a $1,000 fine. The punishment was suspended on the condition that petitioner clean up the property under the supervision of the Washoe County Enforcement Office. (Docket #26-19, Exhibit 10.)

Petitioner petitioned the Nevada Supreme court for a writ of certiorari. The Nevada Supreme Court denied the petition on May 19, 2006. (Docket #26-20, Exhibit 11.) On November 11, 2006, the Reno Justice Court revoked petitioner's suspended sentence based on his violation of the conditions, and imposed the original sentence. (Docket #26-23, Exhibit 14.)

On February 28, 2006, petitioner filed the present petition in this court, raising four grounds for relief. (Docket #1.) On July 16, 2007, respondents filed a motion to dismiss, which petitioner opposed. (Docket #11, #12.) In an order entered March 27, 2008, the court granted respondents' motion in part, finding that ground 1 is exhausted, and that grounds 2, 3 and 4 are unexhausted. (Docket #16.) Petitioner filed a motion for reconsideration. (Docket #17.) On March 25, 2009, the court issued an order granting petitioner's motion for reconsideration and finding ground four exhausted. (Docket #20.) The court found that while grounds two and three are unexhausted, the parties would have an opportunity to discuss whether these grounds would be procedurally defaulted in state court and whether petitioner can show cause and prejudice for such a default or that this court's failure to consider these grounds would result in a fundamental miscarriage of justice. (*Id*.) The court ordered respondents to file an answer substantively addressing all grounds in the petition, including any procedural default issues. Respondents filed an answer on July 23, 2009 (Docket #25), to which petitioner filed a traverse on August 20, 2009 (Docket #28).

**LEGAL STANDARDS**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); *Williams v. Taylor*, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by

2

the United States Constitution. In addition, the conviction challenged arises out of the Reno Justice Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed on February 28, 2006, after the enactment of the AEDPA, thus it is governed by its provisions.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. *Williams v. Taylor*, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in *Van Tran v. Lindsey*, 212 F.3d 1143 (9th Cir. 2000)); *Williams v. Taylor*, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are

constitutionally protected, *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); *Harris v. Nelson*, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. *Brecht v. Abrahamson*, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Purkett v. Elem*, 514 U.S. 765, 115 S.Ct. 1769 (1995); *Thompson v. Keohane*, 516 U.S. 99, 116 S.Ct. 457 (1995); *Langford v. Day*, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

<u>Ground One</u>

In ground 1, petitioner contends that he is being held in violation of his Fifth and Fourteenth Amendment rights to due process of law. Specifically, petitioner claims that Washoe County Development Code ("W.C.D.C.") § 110.910.015(c), gives insufficient guidelines and standards to the district attorney for the exercise of his authority to prosecute a violation of the WCDC either civilly or criminally. Respondent disputes this contention.

WCDC section 110.910.015(c) provides as follows:

(c) Failure to comply. Upon failure of any person in violation of the Development Code to comply, any of the persons listed in Section 110.910.05 may issue to the person in violation of the Development Code a citation to appear before any justice court within Washoe County and/or, in the alternative, refer notice of such violation or violations to the District Attorney for commencement of an action or actions for the abatement, removal and enjoinment of such violation as a public nuisance or criminal proceeding in the manner provided by law.

WCDC 110.910.25 states:

Section 110.910.25 Penalties.

(a) Misdemeanors. Any person, whether as principal, agent, employee or otherwise, violating any provision of the Development Code or violating or failing to comply with any other regulation made thereunder, is guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not more than one thousand dollars ($1,0000) and/or a jail sentence of not more than six (6) months.
(B) Separate Offense. Such person shall be deemed guilty of a separate offense for each day during which such violation of the Development Code or failure to comply with any other regulation is committed, continued or otherwise

4

maintained.

In ruling on this issue on appeal, the district court held as follows:

> **7. Federal due process was not violated.**
>
> Finally, Appellant maintains that his federal due process rights were violated because the governing ordinance permits arbitrary and standardless criminal enforcement. WCDC 110.910.25(a) states "any person violating any provision of the development code or violating or failing to comply with any other regulation made thereunder, is guilty of a misdemeanor . . ."

Petitioner relies on *Lapinski v. State,* 84 Nev. 611, 612, 446 P.2d 645, 645 (Nev. 1968), in which the appellant was charged with feloniously taking a vehicle without the consent of the owner thereof and with the intent to deprive the owner of title or possession of such vehicle pursuant to NRS 205.272 as ameded by 1967 Nev.Stats. 500, Chapter 211, effective July 1, 1967.   The statute left to the discretion of the district attorney the decision whether the act should be charged as a felony, a gross misdemeanor or a misdemeanor.   The Nevada Supreme Court held that the statute as amended was unconstitutional because it delegated legislative power to determine punishment, contrary to Article 4, Section 1 of the Nevada Constitution. *Id*. at 612, 646.  Citing several United States Supreme Court cases, the Nevada Supreme Court held that the statute's failure to clearly define the punishment for particular conduct resulted in arbitrary law enforcement, which could not be allowed. *Id*. at 613, 646.

The court finds that, contrary to petitioner's argument, the facts of the present case are not analogous to those in *Lapinski*, because the present case does not involve the possibility of alternative criminal punishment for the same act at the discretion of the district attorney.  Here, the criminal act is defined in WCDC 110.910.25(a) as a misdemeanor.  Petitioner cites this court to no authority holding that it is a violation of due process to grant the district attorney discretion to pursue either a civil action or a criminal action against an individual for an illegal act.   This court therefore concludes that petitioner has failed to carry his burden of demonstrating the district court's adjudication of the claim on appeal "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the

facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). Ground one thus provides no basis for habeas corpus relief.

Ground Two

In ground two petitioner contends that he is being held in violation of his rights under the Fifth, Sixth and Fourteenth Amendments as well as Article III of the United States Constitution, based on an allegation that venue was improper. Specifically, petitioner contends that the action against him was not heard in the proper venue. In the order granting petitioner's motion for reconsideration (Docket #20), this court found that ground two remained unexhausted. The court further held that if petitioner were to return to state court to exhaust his unexhausted claims, any appeal he filed would be dismissed as untimely or successive. Thus, the appeal would be procedurally barred in state court. (*Id*.) This court therefore held that its "next inquiry is whether petitioner can show cause and prejudice for the default of grounds two and three, or whether the failure to consider those grounds will result in a fundamental miscarriage of justice." (*Id*. at 5.)

"A showing of cause 'must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [prisoner's] efforts to comply with the State's procedural rule.'" *Pizzuto v. Arave*, 280 F.3d 949, 975 (9th Cir.2002) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639 (1986)). "Thus, cause is an external impediment such as government interference or reasonable unavailability of a claim's factual basis." *Id*. (*citing McCleskey v. Zant*, 499 U.S. 467, 497, 111 S.Ct. 1454 (1991)). As noted in the order denying petitioner's motion for reconsideration, petitioner argued this claim in his opening appeal brief, but did not cite to any federal constitutional violations. Although petitioner did argue in his reply brief that venue is a requirement under the federal constitution, this court found that this was ineffective for exhaustion purposes. *Id*. at 3. This court further found that petitioner was not precluded by some external event from raising his federal claim in ground two on appeal. *Id*. at 3. Thus, this court now finds that petitioner can not show cause for his failure to properly raise this issue on appeal.

The sole remaining issue is whether petitioner can show that a fundamental miscarriage of justice will result if the court fails to consider this ground for relief. As found by the district court in petitioner's appeal, under NRS 4.370, any justice court in Washoe County, including Reno justice

6

court, has jurisdiction over any criminal misdemeanor which occurs within the county. A determination of state law by a state appellate court is binding in a federal habeas action. *Hicks v. Feiock*, 485 U.S. 624, 629 (1988). This court finds, therefore, that petitioner cannot prevail on the merits of ground two and thus cannot show a fundamental miscarriage of justice. Based on all of the above, this court concludes that ground two provides no basis for habeas corpus relief.

<u>Ground Three</u>

Petitioner contends that his conviction is in violation of his Fifth, Sixth and Fourteenth Amendment rights because he was using his property agriculturally and therefore met the agricultural use exemption to WCDC 110.302.05. In the order granting petitioner's motion for reconsideration (Docket #20), this court found that ground three remained unexhausted. The court held that its "next inquiry is whether petitioner can show cause and prejudice for the default of grounds two and three, or whether the failure to consider those grounds will result in a fundamental miscarriage of justice." (*Id*. at 5.)

As with ground two, this court finds that petitioner cannot show cause for his failure to comply with Nevada procedural rules by expressly raising the constitutional nature of his claim in ground three in his appeal.    In addressing the issue of a miscarriage of justice, this court finds that respondent is correct in arguing that ground three is without merit. Although petitioner claims that there is "overwhelming, undisputed evidence" that he was utilizing his property agriculturally," the state court found differently on appeal:

> Appellant contends he used his land agriculturally and consistent with the development code. The lower court found that he did not. There is no evidence in the record to find otherwise. This Court will not overturn a trial court's verdict unless [sic] is evidence of error below. There is no evidence of error in this case.

(Docket #26-18, Exhibit 9.)

Under 28 U.S.C. § 2254(e)(1), the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." The court finds that petitioner has not presented such evidence in regard to ground three. Therefore, the court presumes that the state court's factual findings were correct, and concludes that ground three lacks

7

1  merit.  Thus petitioner has not demonstrated that a miscarriage of justice will occur if this court does
2  not consider this ground.  Accordingly, this ground presents no basis for habeas relief.

Ground Four

In ground four, petitioner contends that his conviction is in violation of his Fifth, Sixth and Fourteenth Amendment rights to due process because there was no evidence to support one of the prima facie elements of the crime, *i.e.*, that there was solid waste visible from a street.  Specifically, petitioner argues that the State did not prove the element of "visible from the street" because the relevant road, Piute Creek Road, is not a public street.   Respondent disputes this contention.  In its order granting petitioner's motion for reconsideration, this court found this ground for relief was exhausted in state court.

The law on insufficiency of the evidence claim is clearly established.  The United States Supreme Court has held that when reviewing an insufficiency of the evidence claim on habeas, a federal court must determine whether, viewing the evidence and the inferences to be drawn from it in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  Sufficiency claims are judged by the elements defined by state law.  *Id*. at 324 n. 16.

In rejecting this argument on appeal, the district court held as follows:

> Next, Appellant argues that Piute Creek Road is not a street within the meaning of the code.  A street is defined as a public right of way or easement which affords a primary means of access to abutting property.  WCDC 110.902.15.  Based on the evidence and testimony provided, the trial judge found that Piute Creek Road was a public road.  In reviewing the trial transcripts, this court finds that there was substantial evidence on the record to support such a finding.  The Washoe County Surveyor and others testified that Piute Creek Road was a public road.  See Transcript of Proceedings, May 2, 2001, p. 61-62.

(Docket #26-18, Exhibit 9.)

The court presumes that these factual findings by the district court are correct.  28 U.S.C. § 2254(e)(1).  Although petitioner now reargues the evidence at length, this court finds that he has not carried his burden of overcoming this presumption.  Further, this court has reviewed the trial transcript and  finds that petitioner has not demonstrated error by the  justice court  in overruling the objection to the testimony of Jack M. Holmes, Washoe County Surveyor.  *See generally, Lewis v.*

8

*Jeffers*, 497 U.S. 764, 780 (1990) (federal habeas court must respect a state court's application of its own law and must not engage in *de novo* review). The court therefore concludes that petitioner has failed to carry his burden of demonstrating the district court's resolution of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). Accordingly, the court finds that ground four presents no basis for habeas corpus review.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus is **DENIED**. The clerk is directed to enter judgment for respondents and to close this case.

DATED this 25th day of August, 2009.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE